CHARLES DAVIS, Respondent, *v.* ISABELLA M. DAVIS et al.,
Impleaded, etc., Appellants.

The will of D. disposed of his real estate as follows: " I give and bequeath
all my real estate in fee simple to my three sons" (naming them), "and
the survivor and survivors of them in case either die before me without
issue — and in case either die before me leaving issue, the share of such
deceased child shall go to such issue." Two of the sons died before the
testator, first H., who left three children, and thereafter J., who left no
issue.  In an action for partition of the real estate, *held*, that the surviv-
ing son took two-thirds and the children of H. one-third.
Reported below  44 Hun, 365.

(Submitted January 16, 1890; decided January 31, 1890.)

APPEAL from judgment of the General Term of the Supreme
u rt in the second judicial department, entered upon and
. order made the second Monday of May, 1887, which affirmed
a judgment in favor of plaintiff, entered upon a decision of
the Special Term of the County Court of Kings county.

The nature of the action and the facts are sufficiently stated
in the opinion.

*James R. Steers, Jr.,* for appellant.

*George V. Brower* for respondent.  The Revised Statutes
have not changed the law so far as it affects James Albert's
interest.  (R. S., chap. 6, tit. 1, § 52; *Mowatt* v. *Carow,* 7
Paige, 328; *Smith* v. *Pybus,* 9 Ves. 567; *Wylie* v. *Lockwood,*
86 N. Y. 291.)

PARKER, J.  This action was brought for a partition of real
property.  The interlocutory judgment adjudged the plaintiff's
interest in the real estate sought to be partitioned, to be an
undivided two-thirds, and that of the three defendants, an
undivided one-ninth each.  A review of the judgment in such
respect only is sought by this appeal.

The title of the parties to this action was acquired through
the last will and testament of Henry Davis.

The devise was as follows : " After all my lawful debts are paid and discharged, I give and bequeath all my real estate in fee simple to my three sons, Henry Davis, Charles Davis and James Albert Davis, and the survivor and survivors of them in case either die before me without issue; and in case either die before me leaving issue, the share of such deceased child shall go to such issue."

Henry Davis died before the testator, leaving him surviving three children, the defendants in this action.

Subsequently, but before the death of the testator, James Albert Davis died without leaving issue. Of the three sons, therefore, Charles Davis alone survived the testator.

And the question presented is : What share did Charles Davis and the children of Henry Davis, respectively, take under the devise ?

We think the devise admits of but one construction. Primarily it was to the three sons, but in the event of the death of either of the devisees without issue, then the devise was to the survivor or survivors of them. The word " survivor " in the connection in which it is used, relates to and is limited by a class of which the sons constitute the whole. It does not refer to the issue of one of that class. James Albert Davis having died without issue, the share intended for him vested in Charles Davis, the sole survivor, upon the death of the testator.

The will also provided that in the event of the death of a son leaving issue, the share of such deceased child shall go to such issue. Therefore, upon the death of Henry Davis, which occurred before the death of James Albert, as well as prior to that of the testator, his share was released to his children. As Henry Davis did not survive either the testator or James Albert, he did not take as survivor, and his children could only take the share devised to him, which was one-third.

As this view is in accord with that of the court below, the judgment should be affirmed.

All concur.

Judgment affirmed.